IN THE UNTED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | Case No.2: 06-CR-215 |
| | ) | |
| SANTO COLEMAN | ) | |

**MOTION FOR SEVERANCE OF DEFENDANTS**

    Defendants, Santo Coleman, and Harry Jones, III a, by their attorneys, move this Court for a severance and for relief from the prejudicial joinder of defendants of defendants for the reasons urged as follows:

    1. Defendants were indicted by the Grand Jury sitting in the Middle District of Alabama, and charged with conspiracy to violate one or more provisions of the Controlled Substances Act.

    2. In the presentation of each of the defendant's cases, it is contemplated that the co-defendant will be called as a witness. The joinder of defendants in this case will effectively prevent either defendant from following this tactic. It is unlikely that the co-defendant will take the witness stand and offer testimony on behalf of his co-defendant unless these defendants are tried separately, due to the fact that in taking the stand in behalf of the co-defendant the testifying defendant will subject himself to cross-examination as to his alleged participation in the offenses charged. Defendants show that where it is clear from the record that the co-defendant will testify in exculpation if a severance were granted, denial of a severance is an abuse of discretion. The joinder of

defendants would effectively deprive each defendant of the benefit of the testimony of the other defendant, a material witness in the preparation of each defense, thereby depriving each defendant of his right to due process. Each defendant is prepared to testify in exculpation should there be a severance; therefore, the denial of severance would deprive each defendant of the co-defendant's exculpatory testimony if he chose not take the stand and testify, exercising his constitutional right to remain silent.

 3. Defendants show that the joining of two defendants in one indictment in a case such as this may have a prejudicial effect upon each defendant's right to due process.

 4. In the case at bar, should either defendant choose to exercise his Fifth Amendment right against self-incrimination and remain silent, there exists a possibility of conflict in that co-defendant's counsel would exercise the right to comment upon his failure to testify. This would result in penalizing defendant for exercising his constitutional right against self-incrimination in violation of the Fifth and Fourteenth Amendments of the United States Constitution.

 5. Further, if one defendant takes the stand and testifies that he has no knowledge of the offense or offences charged, then it will become necessary to corroborate his testimony by that of the co-defendant. This testimony will be unavailable if co-defendant chooses to testify only if he is tried separately. Defendants show that in order to avoid this potential prejudice, this Court should grant a severance as relief from the prejudicial joinder of defendants.

 6. The joinder of defendants in this case would be prejudicial in that evidence inadmissible against one defendant might be considered against him when introduced against the co-defendant, in violation of the Sixth Amendment right of confrontation. In

*Bruton v. United States,* 391 U.S. 123, 88 S. Ct. 1620, 20 L. Ed 2d 476 (1968), the prosecutor introduced into evidence admissions made by a co-defendant which implicated the defendant. The Supreme Court reversed, holding that the defendant was entitled to a separate trial at which the co-defendant's admissions would be excluded as hearsay. The Court held that instructions to the jury were not sufficient to cure its exposure to the inculpating evidence, saying that "the naïve assumption that prejudicial effects can be overcome by instructions to the jury…all practicing lawyers know to be unmitigated fiction…" *Bruton*, supra, at 129, quoting Jackson, J., concurring in *Krulewitch v. United States,* 336 U.S. 440, 443, 69 S. CT 716, 93 L. Ed. 790 (1949). Instructions, no matter how carefully framed, cannot adequately cure a jury's exposure to such testimony at a joint trial.

7. Defendants show that the joinder in this case would be prejudicial were there to develop a situation in which one defendant's out-of-court confession or admission were to be introduced into evidence, and that defendant then exercised his Fifth Amendment right to remain silent. This procedure would constitute constitutional error in that it would violate the other defendant's right to cross-examination secured by the confrontation clause of the Sixth Amendment. Notwithstanding cautionary instructions to the jury, when this evidence is introduced against the co-defendant, the jurors can hardly be expected to segregate within their minds the evidence admissible against each defendant. The Sixth Amendment right to confrontation of witnesses must be protected at all costs and that protection can be afforded only if severance of defendants is granted.

8. Defendants have been charged with the offense of Conspiracy to Possess and Distribute Cocaine. It is alleged that they did so on August 8, 2006. There is a

substantial probability of conflict if defendants are tried jointly.  Although a situation involving antagonistic defenses may not arise, defense theories of innocence may not prove to be consistent with one another.  On August 8, 2006, Defendant, however, was merely in the company of co-defendant Alberto Villarreal and Harry Jones and was never in either constructive or actual possession of cocaine nor did he have any knowledge that Alberto Villarreal possessed cocaine, nor did he agree with any party to possess and distribute cocaine.  With defendants raising unrelated defenses to an act alleged to have been committed in concert, there is a grave risk of the jury discounting the truth of either or both defenses.  Further, should one defendant's theory of defense be rebutted or successfully impeached by the prosecution, there is a strong danger of the co-defendant suffering the prejudice of "guilt by association" inherent in and exacerbated by a joint trial of defendants.

9. Defendants further show that this motion for severance and relief for the prejudicial joinder of defendants should be granted for the reasons herein enumerated.

Wherefore, defendants pray that a hearing be scheduled on this motion, and that it be sustained on each and every ground, and therefore the relief sought be allowed in order that defendants may be separately tried.

        Respectfully Submitted

        ___/s/  Joe M. Reed_____
        Joe M. Reed
        Attorney for Defendant

Address of Counsel:

Faulk & Reed, LLP
524 S. Union Street
Montgomery, AL  36104
334.834.2000

334.834.2088 fax

**Certificate of Service**

I hereby certify that the foregoing was filed with the Clerk of the Court and that notice will be sent by the Clerk to the Honorable Terry Moorer, Assistant United States Attorney, P.O. Box 197, Montgomery, AL  36101 by electronic mail this 11th day of October, 2006.

   /s/ Joe M. Reed  
Joe M. Reed