**IN THE UNTIED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **V.** ) | Case No.2: 06-CR-215 |
| **SANTO COLEMAN, et al.** ) | |

**MOTION TO DISMISS INDICTMENT**

The defendant, Santo Coleman, moves this Honorable Court to dismiss the indictment filed against him by the United States of America on the charge of conspiracy to possess and distribute cocaine. As grounds for such motion the defendant submits the following: The indictment arises out of an incident of a controlled delivery of narcotics supervised by law enforcement officials.

1. Law enforcement officials stopped Alberto Villarreal en route from San Antonio, Texas to Montgomery, Alabama in possession of at least 2 kilograms of cocaine.

2. After being caught, Villarreal agreed to participate in a controlled delivery in which he was to drive to a particular hotel where he would check in, and an unknown person or persons would take delivery of the vehicle containing cocaine.

3. Santo Coleman was present in a parking lot of a hotel along with an alleged co-conspirator in the company of Villarreal, however he never made any attempt to take control of the vehicle containing the contraband, nor did he indicate that he had any knowledge of the contents of the vehicle.

4. Coleman never made any reference to cocaine or Villarreal's vehicle in tape recorded conversations by law enforcement in which any reasonable person could

  possibly infer that he was a knowing participant in a conspiracy to possess and distribute cocaine.

5. There is no evidence that Coleman was in actual or constructive possession of the cocaine in question, or that he performed any external act which one could infer that he intended to exercise dominion and control over the vehicle containing cocaine or the cocaine itself, and that he knew that he was involved in a criminal act.

6. There is no evidence that the defendant had the specific intent to possess and/or distribute the alleged cocaine, or that the defendant performed an overt act for the purpose of possessing drugs.

7. The government alleges that Coleman's presence at the location where the drugs were alleged to be picked up by is evidence of his (Coleman's) knowledge of the alleged conspiracy, as well as evidence of an act to further the objective of the conspiracy. Presence alone is insufficient to convict a person of Conspiracy to Possess and Distribute Cocaine. See *U.S. v. Pintado* 715 F.2d 1501 (11th Cir. 1983).

8. The government's only evidence of an agreement is after-the-fact uncorroborated testimony of Villarreal, a co-conspirator in the matter and a newly acquired government agent, who was initially stopped and caught with the cocaine in question, who upon information and belief is being given and has been given substantial consideration for his testimony.

Wherefore, premises considered, the defendant prays that this court dismiss his indictment for lack of evidence.

        Respectfully Submitted

        ___/s/_ Joe M. Reed_____
        Joe M. Reed
        Attorney for Defendant

Address of Counsel:

Faulk & Reed, LLP
524 S. Union Street
Montgomery, AL  36104
334.834.2000
334.834.2088 fax

## Certificate of Service

I hereby certify that the foregoing was filed with the Clerk of the Court and that notice will be sent by the Clerk to the Honorable Terry Moorer, Assistant United States Attorney, P.O. Box 197, Montgomery, AL  36101 by electronic mail this 11th day of October, 2006.

        __/s/ Joe M. Reed_____
        Joe M. Reed