**IN THE UNTIED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| V. | ) | Case No.2: 06-CR-215 |
| **SANTO COLEMAN, et al.** | ) | |

**RENEWED MOTION TO SET BAIL**

Now comes the defendant, Santo Coleman, by and through the undersigned, and hereby petitions this Honorable Court, to set bail. As grounds for such motion the defendant submits the following:

1. The United States Magistrate Judge Susan Russ Walker denied the defendant bail on September 1, 2006.

2. The Honorable Magistrate Judge concluded that the defendant was a flight risk and that no condition or combinations thereof could assure the Mr. Coleman's presence at trial, and set forth the reasons supporting the conclusion in the detention order. See Doc. #23.

3. However the conclusion of the Honorable Magistrate Judge was not supported by the facts. As evidenced by the detention order, the Honorable Magistrate Judge did not find reasons in any of the enumerated factors in 18 U.S.C.3142 (g) to detain the defendant. However, the particular ground used to deny the defendant bail (that he fled from police prior to being charged) was not a factor contemplated by the 18 U.S.C.3142 (g) to be considered by the Court in making the assessment.

4. The Honorable Magistrate Judge holds that the pre-accusatory flight from police is dispositive and non-rebuttable evidence which one could conclude that no condition or combinations thereof could reasonably assure that the defendant would appear for trial. No court of the United States of America has ever held the same.

5. The factors to be considered in assessing the risk of flight of an accused is found 18 U.S.C.A. 3142(g) which states:

> **(g) Factors to be considered**.-The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning-
> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence and involves a narcotic drug;
> (2) The weight of the evidence against the person;
> (3) The history and characteristics of the person, including
>     A. his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court proceeding; and
>     B. whether, at the time of the current offense or arrest he was on probation, or parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

6. Pre-Accusatory flight is not contemplated as one of the factors to be considered by a judge in assessing an individual as a flight risk, and a judge may not use a factor to detain an individual which is not contemplated by the statute. See *U.S. v. Quartemaine* 913 F.2nd 910, 917 (11th Cir.1990)(Magistrate was prohibited from using certain criteria to release defendant where the statute setting out criteria failed to speak to the issue.)

7. The detention order of Honorable Magistrate Judge detaining the defendant effectively amends the statute by injecting new criteria not contemplated by Congress. Due to the fact that the Honorable Magistrate Judge does not have the authority to amend statutes, the reason for detaining the defendant is not valid. Thus the Government clearly failed to meet its burden of preponderance of the evidence that the defendant is a flight risk and thus should be detained until trial.

Wherefore Premises considered, the defendant prays that this court set a reasonable bail.

Respectfully Submitted

\_\_\_/s/ Joe M. Reed_____
Joe M. Reed
Attorney for Defendant

Address of Counsel:
Faulk & Reed, LLP
524 S. Union Street
Montgomery, AL  36104
334.834.2000
334.834.2088 fax

**Certificate of Service**

I hereby certify that the foregoing was filed with the Clerk of the Court and that notice will be sent by the Clerk to the Honorable Terry Moorer, Assistant United States Attorney, P.O. Box 197, Montgomery, AL  36101 by electronic mail this 16th day of October, 2006.

\_\_/s/ Joe M. Reed_____
Joe M. Reed