**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| vs. | ) | CR. NO. 2:06-cr-215-MEF-VPM |
| | ) | |
| **SANTO COLEMAN** | ) | |
| | ) | |

**RESPONSE TO MOTION TO SEVER**

**COMES NOW** the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and in response to the Motion to Sever previously filed in this cause by the defendant, states as follows:

1. The defendant has not stated a sufficient basis for a severance. United States v. Perez, 489 F.2d 51, 64-67 (5th Cir. 1973); See Rule 8(b), Federal Rules Criminal Procedure.

Rule 8(b) reads in pertinent part as follows:

Rule 8(b)    Joinder of Offenses and of Defendants

(b) Joinder of Defendants. Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count.

As stated in Perez, supra, the general rule has been, and remains, that persons jointly indicted should be tried together, especially in conspiracy cases, 489 F.2d 51, at 65. See also United States v. Berkowitz, 662 F.2d 1127, 1132 (5th Cir. Unit B 1981) (under Rule 14, the decision to grant a severance is committed to the sound discretion of the district court.)  On appeal from the denial of a severance, an appellant "must show something more than the fact that 'a separate trial might offer him a better chance of acquittal.'" Tillman v. United States, 406 F.2d 930, 935 (5th Cir. 1969); United States v.

Sheikh, 654 F. 2d 1057, 1064-1066 (5th Cir. Unit A 1981); United States v. Tombrello, 666 F.2d 485 (11th Cir. 1982).

The defendant claims that his case should be severed from the cases of his codefendants because: (1) he is prejudiced by the joinder of his case with his codefendants; (2) it is possible that his codefendants will provide testimony on his behalf exculpating him; (3) Bruton mandates a severance; (4) the jury will not be able to remember what edvidence there is against each defendant and will use evidence against his codefendants to convict him; (5) his defense counsel may have to comment on the silence of his codefendants; and (6) the defenses of his codefendants may be antagonistic to each other.

Each of the grounds set forth by the defendant as a basis for severance is entirely speculative in nature. The defendant has failed to meet the threshold requirements for establishing that a severance is warranted in this case.

In United States v. Cross, 928 F.2d 1030, (11th Cir. 1991), the Eleventh Circuit delineated the tests for determining whether a severance should be granted when a defendant alleges that codefendant(s) will provide exculpatory evidence on his behalf, that "prejudicial spillover" exists, or that "antagonistic" defenses will be presented.

First, with regard to the "prejudicial spillover" argument, the defendant must demonstrate that he will suffer "compelling prejudice" if he is tried with his codefendants.

> The applicable test is whether it was "within the capacity of [the] jurors to follow [the] court's limiting instructions and appraise the independent evidence against each defendant solely upon that defendant's own acts, statements, and conduct.

United States v. Cross, 928 F.2d 1030, 1037 (11th Cir. 1991). Normally, a defendant is deemed to be protected from "prejudicial spillover" if the court instructs the jury that they

are to consider each offense and the evidence pertaining to it separately, as well as the evidence against each defendant separately.

Second, if a defendant argues that a codefendant will provide exculpatory evidence on behalf of him, the defendant must establish:

> (1) a bona fide need for the testimony; (2) the substance of the desired testimony; (3) the exculpatory nature and effect of the desired testimony; and (4) that the codefendant would indeed. . . testify at a separate trial.

United States v. Cross, 928 F.2d 1030, 1037 (11th Cir. 1991).

If the defendant is able to meet these threshold requirements, then the court must take four factors into consideration: "(1) examine the significance of the testimony in relation to the defendant's theory of the case; (2) assess the extent of prejudice caused by the absence of the testimony; (3) consider judicial administration and economy; and (4) give weight to the timeliness of the motion." United States v. Funt, 869 F.2d 1288, 1297 (11th Cir. 1990)

Third, the test for determining whether defenses of codefendants will be antagonistic to the extent necessary to justify a severance is "if the jury, in order to believe the core of testimony offered on behalf of one defendant, must necessarily disbelieve the testimony offered on behalf of his codefendant." United States v. Rucker, 915 F.2d 1511, 1513 (11th Cir. 1990). In United States v. Caporale, 806 F.2d 1487, 1510 (11th Cir. 1986), the Eleventh Circuit stated that a severance was warranted for antagonistic defenses "only when 'the jury will infer that both defendants are guilty because of the conflict' between their defenses." (As cited in United States v. Cross, 928 F.2d 1030, 1038 (11th Cir. 1991).

The defendant has not indicated how his defense and the defenses of his codefendants will be antagonistic.  It would be improper for the court to grant a severance based solely on the defendant's speculation that their defenses <u>might</u> be antagonistic.

The defendant also claims that a severance should be granted because of <u>Bruton</u>. The United States is familiar with the Supreme Court's holding in <u>Bruton</u> and has no intention of offering evidence that would violate the rule set forth in <u>Bruton</u>.

In conclusion, Defendant Coleman has failed to meet any of the threshold requirements necessary to establish that a severance should be granted in this case.

Wherefore, premises considered, the United States respectfully requests that Defendant's Motion to Sever be denied.

Respectfully submitted this 19th day of October, 2006.

                LEURA G. CANARY
                UNITED STATES ATTORNEY

                s/Terry F. Moorer
                TERRY F. MOORER   ASB-1176-O73T
                Assistant United States Attorney
                One Court Square, Suite 201
                Montgomery, AL 36104
                Phone: (334)223-7280
                Fax: (334)223-7135
                E-mail:terry.moorer@usdoj.gov

## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| vs. | ) | CR. NO. 2:06-cr-215-MEF-VPM |
| | ) | |
| **SANTO COLEMAN** | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Joe M. Reed, Esquire.

    Respectfully submitted,

    s/Terry F. Moorer
    TERRY F. MOORER
    Assistant United States Attorney
    One Court Square, Suite 201
    Montgomery, AL 36104
    Phone: (334)223-7280
    Fax: (334)223-7135
    E-mail: terry.moorer@usdoj.gov
    ASB-1176-O73T