IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| ) | |
| vs. ) | CASE NO. 2:06-CR-215-SRW-MEF |
| ) | |
| SANTO COLEMAN, et al., ) | |
| ) | |
| ) | |

**UNITED STATES' RESPONSE TO RENEWED
MOTION FOR RELEASE FROM CUSTODY PENDING TRIAL**

COMES NOW the United States of America, by and through its attorney, Leura G. Canary, United States Attorney, and responds to Defendant/Movant Santo Coleman's Renewed Motion To Set Bail, as follows:

**I. PROCEDURAL HISTORY AND RELEVANT FACTS**

1. On September 7, 2006, Defendant/Movant Santo Coleman ("Coleman") was indicted by a grand jury for the Middle District of Alabama. Doc. # 28. The indictment charged that Coleman and his co-defendants, Alberto Villareal and Harry Edward Jones, Jr., violated 21 U.S.C. §§ 841(a)(1) and 846 by conspiring to distribute approximately 3 kilograms of cocaine, a Schedule II Controlled Substance.

2. Upon motion by the United States, a detention hearing for Coleman was held on September 1, 2006. Doc. # 19. The motion cited Coleman's eligibility for pre-trial detention based on the applicable term of imprisonment if convicted of violating 21 U.S.C. § 846, and the serious risks that he would flee or obstruct justice. See 18 U.S.C. § 3142(e) and (f). The applicable statutory provision instructs that the judicial officer consider certain factors to determine "whether there are conditions of release that will reasonably assure the appearance of

the person and the safety of any other person and the community . . . ." 18 U.S.C. § 3142(g). The listed factors include (1) the nature and circumstances of the offense charged (including whether the offense carries a term of imprisonment of ten years or more; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including character and past conduct; and (4) the nature and seriousness of the danger to any person or the community . . . . 18 U.S.C. § 3142(g)(1-4).

    3.   On September 5, 2006, the assigned United States Magistrate Judge issued an Order which denied bond in Coleman's case. Doc. # 23. The Magistrate denied bond after finding that "credible testimony and information submitted at the hearing establishes by clear and convincing evidence that defendant presents a risk of flight or nonappearance." Doc. # 23 at 1. The Order set forth ample facts in support of the denial, i.e., that when approached by agents who identified themselves as police, Coleman took off in his truck and led the agents on a chase that ended several miles away when Coleman's truck crashed through a fence and hit a tree. Coleman then fled on foot and was not apprehended. Despite suspecting "that there was a warrant for his arrest, he did not turn himself in to authorities until some 20 days after the chase." Id.

    4. The flagrant disrespect for law enforcement displayed by Coleman led the Magistrate to believe that there were "no conditions or combination of conditions which will reasonably assure the appearance of" Coleman, and that he should be detained. Id. at 1-2.

    5. The Magistrate further found that the evidence adduced at the hearing established probable cause to believe that Coleman committed the offense charged. Id. at 2.

    6. Coleman filed a Motion to Vacate the Order of Detention and Reopen Detention Hearing. Doc. # 24. The Magistrate Judge denied that motion on September 6, 2006. Doc. # 26.

7. Coleman then appealed the Order to the assigned United States District Judge. Doc. # 27. This Court affirmed the Magistrate's Order on September 12, 2006. Doc. # 32.

8. On October 16, 2006, Coleman filed a Renewed Motion to Set Bail. Doc. # 61.

## II. THE CIRCUMSTANCES OF COLEMAN'S ARREST WERE PROPERLY CONSIDERED BY THE MAGISTRATE JUDGE AS A FACTOR LISTED IN 18 U.S.C. §3142(g).

9. Coleman's Renewed Motion contends that the Magistrate Judge did not consider the statutory factors listed in 18 U.S.C. § 3142(g), but instead improperly relied upon the fact that he fled law enforcement officers on foot after leading them on a chase along main thoroughfares and into a residential area. He labels this behavior "pre-accusatory flight" and argues that it is not a consideration under 18 U.S.C. § 3142(g).

10. Section 3142(g) requires a judicial officer to consider certain factors to determine "whether there are conditions of release that will reasonably assure the appearance of the person and the safety of any other person and the community . . . ." The listed factors include (1) the nature and circumstances of the offense charged (including whether the offense carries a term of imprisonment of ten years or more; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including character and past conduct; and (4) the nature and seriousness of the danger to any person or the community . . . . 18 U.S.C. § 3142(g)(1-4). Coleman's "pre-accusatory flight," which preceded his surrender to authorities, was properly considered by the Magistrate.

11. Coleman's flight from law enforcement, first in his vehicle and then on foot, was appropriately considered by the Magistrate as evidence of character and past conduct under 18 U.S.C. § 3142(g)(3)(A). The evidence adduced at his detention hearing established that Coleman

3

knew he was fleeing from law enforcement officers. After leading them on a chase and crashing his vehicle, he continued on foot to avoid speaking with the officers. This obvious disregard for law enforcement is "past conduct" that the Magistrate properly considered for bail purposes. His behavior, although not specifically anticipated by, or listed in, section 3142(g), was nonetheless appropriately considered as "character" traits relevant to determining whether Coleman would appeal in this Court as required.

12. In making determinations under 18 U.S.C. § 3142(g), a Court must consider "the defendant's individualized history and factual circumstances leading to arrest . . . ." United States v. Allen, 409 F.Supp.2d 622, 631 (D. Md. 2006). In Allen, the District Court cited the particular facts of defendant's arrest in evaluating the factors specified in subsection 3142(g)(3)(A). In this case, the officers' chase of Coleman, and his flight on foot, constituted "past conduct" which demonstrated a lack of respect for, and inclination to defy, law enforcement. This was the type of conduct appropriately considered under 18 U.S.C. § 3142(g)(3)(A).

13. The Order also stated that the evidence adduced at the hearing established probable cause to believe that Coleman violated 21 U.S.C. §§ 841(a)(1) and 846. Doc. # 23 at 2. The weight of the evidence is a listed factor in 18 U.S.C. § 3142(g)(2). Therefore, the evidence presented by the United States was appropriately considered by the Magistrate.

### III. CONCLUSION

For the above reasons, this Court should deny Defendant/Movant Santo Coleman's Renewed Motion to Set Bail. He has failed to demonstrate that, in denying bail, the Magistrate Judge considered impermissible factors not listed in 18 U.S.C. § 3142(g), or that the

circumstances which led to his arrest do not support a finding that there is no combination of conditions which will reasonably assure his appearance for trial.

    Respectfully submitted this 20th day of October, 2006.

                                Respectfully submitted,

                                LEURA G. CANARY
                                UNITED STATES ATTORNEY

                                /s/ Terry F. Moorer
                                TERRY F. MOORER
                                Assistant United States Attorney
                                Post Office Box 197
                                Montgomery, Alabama 36101-0197
                                (334) 223-7280
                                (334) 223-7135 fax
                                terry.moorer@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | CASE NO. 2:06-CR-215-SRW-MEF |
| | ) | |
| SANTO COLEMAN, et al., | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on October 20, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Joe M. Reed, 524 S. Union Street, Montgomery, AL 36104.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY


/s/ Terry F. Moorer
TERRY F. MOORER
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
(334) 223-7280
(334) 223-7135 fax
terry.moorer@usdoj.gov