IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CASE NO.  2:06Cr215-MEF |
| | ) | [WO] |
| SANTO COLEMAN | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On 16 October 2006, the defendant ["Coleman"] filed a Motion to Dismiss Indictment (Doc. # 60).  The motion is based entirely on arguments regarding the sufficiency of the "evidence" to support the indictment.  Coleman makes no arguments regarding the form or substance of the indictment or the process by which the indictment was secured or issued.  In fact, Coleman urges the court to dismiss the indictment "for lack of evidence" (Doc. # 60).  Since no "evidence" of the defendant's participation in the alleged offense has been taken, the court cannot evaluate it.  Accordingly, the court can only construe the motion as one based upon the indictment's failure to state an offense.

Coleman was indicted on 7 September 2006 for knowingly and intentionally conspiring to distribute and possess with intent to distribute, approximately 3 kilograms of cocaine" on or about "August 8, 2006 in Montgomery County, within the Middle District of Alabama", in violation of 21 U.S.C. § 846.  He argues that he never, ***inter alia***,

1. "attempted to take control of the vehicle containing the contraband"

2. "indicated that had any knowledge of the contents of the vehicle"

3. "made any reference to cocaine or Villarreal's vehicle"

    4.    was in "actual or constructive possession of the cocaine in question"

    5.    "performed any external act which one could infer that he intended to exercise dominion and control over the vehicle containing cocaine or the cocaine itself"

Coleman's argument amounts to an argument that he never committed an overt act in furtherance of a conspiracy.

In ***United States v. Shabani***, 513 U.S. 10, 15 (1994), the defendant was charged with the same offense charged in Coleman's indictment, namely a violation of the federal drug conspiracy statute (21 U.S.C. § 846). He moved in the trial court for dismissal of the indictment on the ground that (1) the commission of an overt act in furtherance of the conspiracy was an essential element of the offense charged; and (2) the indictment did not allege that the accused had committed such an act. When the case ultimately reached the Supreme Court, it held that in order to establish a violation of 846, the prosecution need not prove that a conspirator committed any overt act in furtherance of the conspiracy, since (a) the plain language of 846 does not require an overt act, (b) such a requirement has not been inferred from congressional silence in other conspiracy statutes, and (c) the fact that the general federal conspiracy statute (18 USCS 371) and the conspiracy provision of the Organized Crime Control Act of 1970 (18 U.S.C. § 1511(a))--which provision was enacted by the same Congress that passed 846--contain an explicit overt-act requirement indicated that Congress deliberately chose not to include such a requirement in 846.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Coleman's Motion to Dismiss the indictment be DENIED.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before 6 November 2006. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. **Nettles v. Wainwright**, 677 F.2d 404 (5th Cir. 1982). *See* **Stein v. Reynolds Securities, Inc.**, 667 F.2d 33 (11th Cir. 1982). *See also* **Bonner v. City of Prichard**, 661 F.2d 1206 (11th Cir. 1981, *en banc*).

DONE this 23rd day of October, 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE