IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CR. NO. 2:06cr215-MEF |
| | ) | WO |
| SANTO COLEMAN | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The defendant is charged in a single count indictment with conspiracy to distribute and possess with intent to distribute approximately three kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1). Now pending before the court is defendant Coleman's motion to sever (doc. # 58) filed on October 15, 2006.[1] Coleman contends that if the defendants' trials are severed, defendant Jones would testify on his behalf. The court heard oral argument on November 7, 2006, to determine whether a hearing on this matter was necessary. At that time, counsel for defendant Jones informed the court that if Jones was called to testify at a hearing or at trial, Jones would invoke his Fifth Amendment right to remain silent. Consequently, defendant Coleman acknowledged that a hearing on the motion to sever was no longer necessary. Accordingly, upon careful consideration of the motion, briefs of the parties and oral argument, the court concludes that the motion to sever is due to be denied.

The general rule in this Circuit is that defendants who are jointly indicted should be tried together. *United States v. Cobb,* 185 F.3d 1193, 1197 (11th Cir. 1999). However,

---

[1] Although the opening paragraph of the defendant's motion refers to his co-defendant Harry Jones, III, and implies that the motion to sever is filed on behalf of both defendants, a review of the motion demonstrates that it is filed only on behalf of defendant Coleman because only defendant Coleman's attorney signed the pleading.

FED.R.CRIM.P. 14 provides in relevant part as follows:

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

A severance becomes necessary if, without a severance, a defendant would be unable to receive a fair trial and he would suffer "compelling prejudice against which a trial court could offer no protection." *United States v. Freyre-Lazaro*, 3 F.3d 1496, 1501 (11th Cir. 1993) (quoting *United States v. Magdaniel-Mora*, 746 F.2d 715, 718 (11th Cir. 1984)). *See also United States v. Morales*, 868 F.2d 1562, 1571 (11th Cir. 1989). A defendant must demonstrate specific and compelling prejudice to justify severance. *Cobb*, 185 F.3d at 1197; *United States v. Meester*, 762 F.2d 867, 883 (11th Cir. 1985). The standard for determining compelling prejudice is whether the jury could compare and estimate the independent evidence against the defendant on each count and reach individual verdicts as to each count. *United States v. Pirolli*, 742 F.2d 1382, 1386 (11th Cir. 1984). *See also United States v. Silien*, 825 F.2d 320, 323 (11th Cir. 1987).

In this case, defendant Coleman premises his motion to sever on his need for his co-defendant's exculpatory testimony.

> Where a defendant argues for severance on the ground that it will permit the exculpatory testimony of a co-defendant, he "must show: (1) a bona fide need for the testimony; (2) the substance of the desired testimony; (3) the exculpatory nature and effect of the desired testimony; and (4) that the codefendant would indeed [] testif[y] at a separate trial." *United States v. Machado*, 804 F.2d 1537, 1544 (11th Cir. 1986); *see also United States v.*

> *Harris*, 908 F.2d 728, 739 (11th Cir. 1990); *United States v. Martinez*, 486 F.2d 15, 22 (5th Cir. 1973; *Byrd v. Wainwright*, 428 F.2d 1017, 1019-20 (5th Cir. 1970). Even if the defendant makes such a showing, the court must still "(1) examine the significance of the testimony in relation to the defendant's theory of the case; (2) assess the extent of prejudice caused by the absence of the testimony; (3) consider judicial administration and economy; and (4) give weight to the timeliness of the motion." *Machado*, 804 F.2d at 1544; *accord United States v. Harris*, 908 F.2d 728, 739 (11th Cir. 1990) (quoting *United States v. DeSimone*, 660 F.2d 532, 540 (5th Cir. 1981).

*Cobb*, 185 F.3d at 1197. *See also United States v. Baker*, 432 F.3d 1189, 1239 (11th Cir. 2005); *United States v. Novaton,* 271 F.3d 968, 989 (11th Cir. 2001); *United States v. Beale*, 921 F.2d 1412, 1428 (11th Cir. 1991).

Although defendant Coleman asserted in his motion that "[e]ach defendant is prepared to testify in exculpation should there be a severance," at oral argument, counsel for co-defendant Jones informed the court that defendant Jones would not testify on Coleman's behalf but would rather assert his Fifth Amendment right to remain silent. Obviously, defendant Coleman has failed to meet his burden. He must present "specific and exonerative facts" to justify severance which he has not done. *See Novaton*, 271 F.3d at 990. This is not a case in which the co-defendant has proffered an affidavit detailing his proposed testimony. *See Novation, supra*; *United States v. Pepe*, 747 F.2d 632, 651 (11th Cir. 1984); *United States v. DeSimone*, 660 F.2d 532, 540 (5th Cir. Unit B 1981). More importantly, however, at this juncture, it appears that Jones would not testify at Coleman's trial in exculpation of Coleman.

In deciding whether to grant the motion to sever, the court must also weigh the prejudice caused by the absence of the testimony as well as the judicial economy associated

with severance.[2]  Defendant Coleman has provided the court with no factual support from which the court could determine if there exists prejudice sufficient to warrant separate trials. The mere "possibility" of prejudice is not enough.  A defendant does not incur compelling prejudice merely because he may be acquitted if he is tried separately or because much of the trial evidence is applicable to her co-defendant.  *United States v. Kabbaby*, 672 F.2d 857, 861-62 (11th Cir. 1982) (per curiam).  Finally, the trial of these defendants is estimated to last three days so judicial administration and economy do not weigh heavily in favor of or against severance.

The defendant's burden is a heavy one and "one which mere conclusory allegations cannot carry."  *United States v. Adams*, 1 F.3d 1566, 1578 (11th Cir. 1993).  The court concludes that defendant Coleman has failed to meet his burden because he provides insufficient specific, exonerative facts to demonstrate that he is entitled to a severance.

Accordingly, for the reasons as stated, it is the RECOMMENDATION of the Magistrate Judge that the motion to sever filed by defendant Coleman be DENIED.  It is further

ORDERED that the parties shall file any objections to the this Recommendation on or before **November 20, 2006.**[3]  A party must specifically identify the findings in the

---

[2] The court must also consider the timeliness of the motion to sever.  *See Cobb*, 185 F.3d at 1197. There is no dispute that the motion was timely.

[3] The court has shortened the time for filing objections to afford the District Judge a reasonable time to consider and dispose of any objections prior to the trial presently scheduled to commence on November 27, 2006.

4

Recommendation to which objection is made; frivolous, conclusive or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).

Done this 9th day of November, 2006.

                                                                 /s/Charles S. Coody
                                            CHARLES S. COODY
                                            CHIEF UNITED STATES MAGISTRATE JUDGE