IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | CR NO. 2:06-cr-215-MEF |
| ) | |
| ALBERTO VILLAREAL, ) | |
| HARRY EDWARD JONES, III, ) | |
| SANTO COLEMAN, ) | |

**GOVERNMENT'S RESPONSE TO MOTION FILED BY DEFENDANT JONES
TO MODIFY THE CONDITIONS OF HIS PRETRIAL RELEASE**

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and respectfully responds to the motion filed by Defendant Harry Edward Jones, III ("Jones"), to modify the conditions of his pretrial release.

Background

This case began on a Complaint filed with the court on August 9, 2006. That same day, the United States moved for a detention hearing. *See* Docket #5. One week later, on August 16, 2006, after a detention hearing was held, this Court entered an Order remanding Jones to the custody of the U.S. Marshal pending his trial. *See* Docket #18.

On September 22, 2006, upon motion of the United States, the Court released Jones into the custody of federal agents so that he could be transported to the United States Attorney's Office without necessitating the presence of a Deputy U.S. Marshal. *See* Docket #42. On October 4, 2006, Jones moved the Court to set his bond. *See* Docket #51. The Court denied that motion two days later (*see* Docket #52), prompting Jones to move for a hearing (*see* Docket #53), which was also denied (*see* Docket #74).

1

On November 28, 2006, Jones filed a motion for reconsideration of detention (*see* Docket #102), due to the dependency of his minor child. In granting that motion (*see* Docket #105), the Court noted that it stood by its original decision to detain Jones, but that the United States had indicated that it would agree to Jones's release on electronic monitoring pending trial, and so, "as a matter of equity, and based solely upon the government's change in position," bail would be granted and Jones would be released on electronic monitoring. An Order setting the conditions of pretrial release as to Jones was entered on December 1, 2006. *See* Docket #107.

On April 12, 2007, Jones filed a motion to modify the conditions of his pretrial release. *See* Docket #131. In that motion, Jones requested that he be released from electronic monitoring so that he could return to his employment at a barbershop. The Court granted Jones's motion (*see* Docket #133) but did not remove him from electronic monitoring, choosing instead to adjust his curfew to permit him to work the hours required by the barbershop.

On July 25, 2007, Jones filed a motion to continue (*see* Docket #150), citing his attorney's previously scheduled surgery appointment.[1] The United States did not oppose that motion, and on August 1, 2007, after a short hearing held by teleconference, the motion was granted. *See* Docket #157. On August 13, 2007, Jones filed the instant motion seeking to remove his electronic monitoring pending trial. *See* Docket #160.

Argument

This is, as it were, the sixth time that Jones has attempted to persuade this Court to release him on his own recognizance pending trial. On five previous occasions, this Court has refused him

---

[1] This was the second motion to continue filed by Jones. The first was filed unopposed on February 26, 2007. *See* Docket #125. That motion was granted on March 2, 2007. *See* Docket #126.

that luxury. This latest motion offers no new or compelling reason to alter the status quo, and it should be denied.

Jones has been accused by a federal grand jury of conspiring to possess with the intent to distribute and to distribute approximately three kilograms of cocaine – an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act. Based on that accusation, the law presumes that Jones should be detained until his trial. *See* 18 U.S.C. § 3142(e); *see generally United States v. Medina*, 775 F.2d 1398 (11th Cir. 1985). Indeed, this Court properly detained Jones upon his arrest. *See* Docket #18.

Upon further evaluation, the United States determined not to oppose Jones's efforts to be released on electronic monitoring, trusting that the conditions set by the Court could reasonably assure Jones's appearance as required and the safety of others in the community. But the government's willingness to have Jones released from custody was absolutely predicated on his placement on electronic monitoring. Nothing has changed.

Jones argues that he does not pose a flight risk. Mot. at 1, ¶ 2. But when he was arrested, Jones fled from police – first in a vehicle, then on foot. He was ultimately located and apprehended after several hours by trained police dogs. *See, e.g.*, Affidavit of DEA Agent Neill Thompson, Affidavit and Application for Search Warrant, *In the Matter of the Search of Units #178 and #232 at U-Stor-It Mini Storage, 4141 Troy Highway, Montgomery, Alabama* (filed August 22, 2006) at ¶ 4. There is nothing in Jones's motion to suggest that he would not try to run again, if given the opportunity.

Jones also notes that his trial has been continued. This Court will not forget, of course, that the trial was continued upon Jones's own motion, in order to accommodate Jones's attorney. The

continuance itself, therefore, should not serve as a reason to relax the Court's grip on Jones's ankles. *See United States v. Erenas-Luna*, No. 4:03CR3090, 2007 U.S. Dist. LEXIS 47968, *18 (D. Neb. June 5, 2007) ("A defendant is not permitted to benefit from delay caused by his own conduct."); *cf. United States v. Keith*, 42 F.3d 234, 240 (4th Cir. 1994) ("[I]f a defendant affirmatively consents to a motion for a continuance . . . , the defendant cannot take advantage of that discrete period of time covered by the continuance in asserting a violation of the Speedy Trial Act.").

The motion should accordingly be denied.

Respectfully submitted this 20th day of August, 2007.

        LEURA G. CANARY
        UNITED STATES ATTORNEY

        */s/ Nathan D. Stump*
        Stephen P. Feaga, Sr.
        Assistant United States Attorney
        Nathan D. Stump
        Assistant United States Attorney
        United States Attorney's Office
        131 Clayton Street
        Montgomery, Alabama 36104
        Tel: (334) 223-7280
        Fax: (334) 223-7135
        steve.feaga@usdoj.gov
        nathan.stump@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | CR NO. 2:06-cr-215-MEF |
| | ) | |
| ALBERTO VILLAREAL, | ) | |
| HARRY EDWARD JONES, III, | ) | |
| SANTO COLEMAN, | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on August 20, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Joe M. Reed, Esq., and Susan Graham James, Esq.

Respectfully submitted,

/s/ *Nathan D. Stump*
Stephen P. Feaga, Sr.
Assistant United States Attorney
Nathan D. Stump
Assistant United States Attorney
United States Attorney's Office
131 Clayton Street
Montgomery, Alabama  36104
Tel: (334) 223-7280
Fax: (334) 223-7135
steve.feaga@usdoj.gov
nathan.stump@usdoj.gov