IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:06-cr-215-MEF |
| | ) | |
| HARRY EDWARD JONES, III | ) | |
| SANTO COLEMAN | ) | |

# GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

Comes now the United States of America, by and through Leura Garrett Canary, United States Attorney for the Middle District of Alabama, and respectfully requests that the following Jury Instructions be given to the jury in the above-captioned case.

Respectfully submitted this the 31st day of March, 2008.

LEURA GARRETT CANARY
UNITED STATES ATTORNEY

*/s/ Nathan D. Stump*
Nathan D. Stump
Assistant United States Attorney
United States Attorney's Office
131 Clayton Street
Montgomery, Alabama  36104
Tel: (334) 223-7280
Fax: (334) 223-7135
nathan.stump@usdoj.gov

<u>GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 1.</u>
Eleventh Circuit Pattern Jury Instructions, Criminal
Basic Instruction No. 2.1

**DUTY TO FOLLOW INSTRUCTIONS /
PRESUMPTION OF INNOCENCE**

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, the Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove his innocence or produce any evidence at all. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find the Defendant not guilty.

<u>GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 2.</u>
Eleventh Circuit Pattern Jury Instructions, Criminal
Basic Instruction No. 3

## DEFINITION OF REASONABLE DOUBT

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that the Defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

**ANNOTATIONS AND COMMENTS**
<u>United States v. Daniels</u>, 986 F.2d 451 (11th Cir. 1993),opinion readopted on rehearing, 5 F.3d 495 (11th Cir. 1993), cert. denied, 114 S.Ct. 1615, 128 L.Ed.2d 342 (1994) approves this definition and instruction concerning reasonable doubt; <u>see also</u> <u>United States v. Morris</u>, 647 F.2d 568 (5th Cir. 1981 ); <u>Victor v. Nebraska</u>, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994) (discussing "reasonable doubt" definition and instruction).

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 3.
Eleventh Circuit Pattern Jury Instructions, Criminal
Basic Instruction No. 4.2

**EVIDENCE – DIRECT AND CIRCUMSTANTIAL /
ARGUMENT OF COUNSEL AND COMMENT OF COURT**

As stated earlier, you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you. Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

In considering the evidence, you may make deductions and reach conclusions which reason and common sense lead you to make, and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances indicating that the Defendant is either guilty or not guilty. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

**ANNOTATIONS AND COMMENTS**
See United States v. Barnette, 800 F.2d 1558,1566(11th Cir. 1986) (noting that the "test for evaluating circumstantial evidence is the same as in evaluating direct evidence"); United States v. Hope, 714 F.2d 1084, 1087 (11th Cir. 1983) ("A trial judge may comment upon the evidence as long as he instructs the jury that it is the sole judge of the facts and that it is not bound by his comments and as long as the comments are not so highly prejudicial that an instruction to that effect cannot cure the error.") United States v. Granville, 716 F.2d 819, 822 (11th Cir. 1983) (noting that the jury was correctly instructed that the arguments of counsel should not be considered as evidence) (citing United States v. Phillips, 664 F.2d 971,1031 (5th Cir. 1981)).

3

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 4.
Eleventh Circuit Pattern Jury Instructions, Criminal
Basic Instruction No. 5

**CREDIBILITY OF WITNESSES**

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling. You may decide that the testimony of a smaller number of witnesses concerning any fact in dispute is more believable than the testimony of a larger number of witnesses to the contrary.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the person impress you as one who was telling the truth? Did he or she have any particular reason not to tell the truth? Did he or she have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did he or she appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses?

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 5.
Eleventh Circuit Pattern Jury Instructions, Criminal
Special Instruction No. 1.2

**ACCOMPLICE - CO-DEFENDANT - PLEA AGREEMENT**

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses.

In this case the government called as one of its witnesses a person named as a co-Defendant in the indictment, with whom the government has entered into a plea agreement providing for a lesser sentence than the witness would otherwise be exposed to for the offense to which he pled guilty. Such plea bargaining, as it's called, has been approved as lawful and proper, and is expressly provided for in the rules of this Court. However, a witness who hopes to gain more favorable treatment in his or her own case may have a reason to make a false statement because he wants to strike a good bargain with the government. So, while a witness of that kind may be entirely truthful when testifying, you should consider his testimony with more caution than the testimony of other witnesses.

And, of course, the fact that a witness has pled guilty to the crime charged in the indictment is not evidence, in and of itself, of the guilt of any other person.

**ANNOTATIONS AND COMMENTS**
United States v. Solomon, 856 F.2d 1572, 1578-79 (11th Cir. 1988), cert. denied, 489 U.S. 1070, 109 S. Ct. 1352, 103 L. Ed. 2d 820 (1989), approved a similar instruction.

5

<u>GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 6.</u>
Eleventh Circuit Pattern Jury Instructions, Criminal
Basic Instruction No. 6.4

**IMPEACHMENT / INCONSISTENT STATEMENT**

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

A Defendant has a right not to testify. If a Defendant does testify, however, you should decide in the same way as that of any other witness whether you believe the Defendant's testimony.

<u>GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 7.</u>
Eleventh Circuit Pattern Jury Instructions, Criminal
Basic Instruction No. 7

**EXPERT WITNESSES**

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field – one who is called an expert witness – is permitted to state his or her opinion concerning those technical matters.

Merely because an expert witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 8.
Eleventh Circuit Pattern Jury Instructions, Criminal
Basic Instruction No. 9.1

**ON OR ABOUT – KNOWINGLY – WILLFULLY**

You will note that the indictment charges that the offense was committed "on or about" a certain date. The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term has been used from time to time in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

**ANNOTATIONS AND COMMENTS**
See United States v. Creamer, 721 F.2d 342, 343 (11th Cir. 1983) (upholding "on or about" language where alibi defense was used); see also United States v. Reed, 887 F.2d 1398 (11th Cir. 1989); United States v. Diecidue, 603 F.2d 535, 548 (5th Cir. 1979) (approving these definitions of knowingly and willfully as sufficient instructions on issue of intent). See also United States v. Kerley, 643 F.2d 299 (5th Cir. 1981).

<u>GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 9.</u>
Eleventh Circuit Pattern Jury Instructions, Criminal
Offense Instruction No. 87

**CONTROLLED SUBSTANCES
(CONSPIRACY)
21 U.S.C. § 846**

Title 21, United States Code, Section 846 makes it a separate Federal crime or offense for anyone to conspire or agree with someone else to do something which, if actually carried out, would be a violation of Section 841(a)(1). Section 841(a)(1) makes it a crime for anyone to knowingly distribute or possess with the intent to distribute cocaine hydrochloride (more commonly known as "cocaine powder").

So, under the law, a "conspiracy" is an agreement or a kind of "partnership in criminal purposes" in which each member becomes the agent or partner of every other member.

In order to establish a conspiracy offense, it is not necessary for the Government to prove that all of the people named in the Indictment were members of the scheme, or that those who were members had entered into any formal type of agreement. Also, because the essence of a conspiracy offense is the making of the scheme itself, it is not necessary for the Government to prove that the conspirators actually succeeded in accomplishing their unlawful plan.

What the evidence in the case must show beyond a reasonable doubt is:

> *First:* That two or more persons in some way or manner came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the Indictment; and
>
> *Second:* That each defendant, knowing the unlawful purpose of the plan, willfully joined in it; and

>   *Third:*   That the object of the unlawful plan was to possess with the intent to distribute and to distribute cocaine hydrochloride, as charged in the Indictment.

A person may become a member of a conspiracy without full knowledge of all of the details of the unlawful scheme or the names and identities of all of the other alleged conspirators. So, if a defendant has an understanding of the unlawful nature of a plan and knowingly and willfully joins in that plan on one occasion, that is sufficient to convict him for conspiracy even though he had not participated before, and even though he played only a minor part.

Of course, mere presence at the scene of a transaction or event, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not, standing alone, establish proof of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of one, does not thereby become a conspirator.

The defendants are charged in the Indictment with conspiring to distribute and to possess with the intent to distribute cocaine. To "possess with intent to distribute" simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction. To "distribute" simply means to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

<u>GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 10.</u>
Eleventh Circuit Pattern Jury Instructions, Criminal
Special Instruction No. 6

## POSSESSION

The law recognizes several kinds of possession. A person may have actual possession or constructive possession. A person may also have sole possession or joint possession.

A person who has direct physical control of something on or around his person is then in actual possession of it.

A person who is not in actual possession, but who has both the power and the intention to later take control over something either alone or together with someone else, is in constructive possession of it.

If one person alone has possession of something, possession is sole. If two or more persons share possession, possession is joint.

Whenever the word "possession" has been used in these instructions it includes actual as well as constructive possession, and also sole as well as joint possession.

<u>GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 11.</u>
Eleventh Circuit Pattern Jury Instructions, Criminal
Basic Instruction No. 10.3

**CAUTION – PUNISHMENT (MULTIPLE DEFENDANTS – SINGLE COUNT)**

The case of each Defendant and the evidence pertaining to each Defendant should be considered separately and individually. The fact that you may find any one of the Defendants guilty or not guilty should not affect your verdict as to any other Defendant.

I caution you, members of the Jury, that you are here to determine from the evidence in this case whether each Defendant is guilty or not guilty. Each Defendant is on trial only for the specific offense alleged in the Indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case. If a Defendant is convicted, the matter of punishment is for the Judge alone to determine later.


**ANNOTATIONS AND COMMENTS**
<u>United States v. Gonzalez</u>, 940 F.2d 1413, 1428 (11th Cir. 1991) (stating that "cautionary instructions to the jury to consider the evidence as to each defendant separately are presumed to guard adequately against prejudice."); <u>see also</u> <u>United States v. Adams</u>, 1 F.3d 1566 (11th Cir. 1993).

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 12.
Eleventh Circuit Pattern Jury Instructions, Criminal
Special Instruction No. 5

**NOTETAKING**

In this case you have been permitted to take notes during the course of the trial, and most of you – perhaps all of you – have taken advantage of that opportunity and have made notes from time to time.

You will have your notes available to you during your deliberations, but you should make use of them only as an aid to your memory. In other words, you should not give your notes any precedence over your independent recollection of the evidence or the lack of evidence; and neither should you be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 13.
Eleventh Circuit Pattern Jury Instructions, Criminal
Basic Instruction No. 11

**DUTY TO DELIBERATE**

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict, you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**ANNOTATIONS AND COMMENTS**
United States v. Brokemond, 959 F.2d 206, 209 (11th Cir. 1992) approved this instruction. See also United States v. Cook, 586 F.2d 572 (5th Cir. 1978), reh'g denied, 589 F.2d 1114 (1979), cert. denied, 442 U. 5. 909, 99 S.Ct. 2821, 61 L.Ed.2d 274 (1979); United States v. Dunbar, 590 F.2d 1340 (5th Cir. 1979).

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 14.
Eleventh Circuit Pattern Jury Instructions, Criminal
Basic Instruction No. 12

**VERDICT**

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court. A form of verdict has been prepared for your convenience.

*[Explain verdict form]*

You will take the verdict form to the jury room, and when you have reached unanimous agreement, you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at anytime, please write down your message or question and pass the note to the marshal, who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

**ANNOTATIONS AND COMMENTS**
United States v. Brokemond, 959 F.2d 206,209(11th Cir. 1992) approved this instruction. See also United States v. Norton, 867 F.2d 1354, 1365 66 (11th Cir. 1989) (noting that the Court should not inquire about, or disclose, numerical division of the jury during deliberations but states that "[r]eversal may not be necessary even where the trial judge undertakes the inquiry and thereafter follows it with an Allen charge, absent a showing that either incident or a combination of the two was inherently coercive.").

**CERTIFICATE OF SERVICE**

I, Nathan D. Stump, Assistant United States Attorney, hereby certify that on this the 31st day of March, 2008, I electronically filed the foregoing Proposed Jury Instructions with the Clerk of the Court using the CM/ECF system, which automatically served a copy of the foregoing on counsel for defendants Harry Edward Jones, III, and Santo Coleman, and all counsel of record.

*/s/Nathan D. Stump*
NATHAN D. STUMP
131 Clayton Street
Montgomery, AL 36104
Phone: (334) 223-7280
Fax: (334) 223-7135
E-mail: nathan.stump@usdoj.gov